UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DENISE GRANT,
    *Plaintiff*,

v.

THE NORWICH FREE ACADEMY,
    *Defendant*.

No. 3:19-cv-01777 (MPS)

**RULING ON MOTIONS**

**I.    BACKGROUND**

Plaintiff Denise Grant initiated this action by filing a complaint dated November 1, 2019 against Defendant Norwich Free Academy ("NFA") in the Superior Court of the State of Connecticut, Judicial District of New London. ECF No. 1-1. The Complaint was served on NFA on November 4, 2019, and NFA filed a timely notice of removal on November 12, 2019. ECF No. 1 at 1-2. In her Complaint, Plaintiff—formerly the Director of Curriculum and Instruction and now the Director of the College and Career Resource Center at NFA—alleges that NFA retaliated against her for statements she made to the Norwich Police Department related to an investigation of sexual abuse allegations against an athletic coach at NFA, by suspending her for ten days without pay and demoting her, in violation of Conn. Gen. Stat § 31-51m and § 31-51q. ECF No. 1-1. On December 12, 2019, Plaintiff filed a motion to amend her complaint to make explicit that her claim under Conn. Gen. Stat. § 31-51q relied only on the Connecticut State Constitution, and not the United States Constitution, ECF No. 15, and a motion to remand for lack of subject matter jurisdiction, ECF No. 17. NFA filed a memorandum in opposition to Plaintiff's motion to remand on January 16, 2020. ECF No. 26.

## II.  PLAINTIFF'S MOTION TO AMEND

Defendant has not opposed Plaintiff's motion to amend her complaint, and opposes Plaintiff's motion to remand on the basis that this Court has federal question jurisdiction even in light of the Amended Complaint.  Absent objection, Plaintiff's motion to amend her Complaint is GRANTED.

## III.  PLAINTIFF'S MOTION TO REMAND

### A.  Legal Standard

The party opposing a motion to remand bears the burden of showing that the requirements for removal have been met.  *California Public Employees' Retirement Sys.v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citing *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (3d ed. 1998) (collecting cases).  "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Human Affairs Intern.*, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157, at 38 (2d ed. 1989)).

### B.  Discussion

Federal district courts have removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  District courts have "original jurisdiction" over actions "arising under" federal law.  28 U.S.C. § 1331.  "[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law."  *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (citing *Grable & Sons Metal Products, Inc. v. Darue*

*Engineering & Mfg.*, 545 U.S. 308, 312 (2005)).  However, in a "'special and small category' of cases," *id*. (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)), federal-question jurisdiction will also "lie over state-law claims that implicate significant federal issues." *Id.* (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)).  "[T]he Supreme Court has been sparing in recognizing state law claims fitting this criterion."  *Id*. (quoting *NASDAQ OMX Group, Inc. v. UBS Securities, LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014)).

For a  claim to fall into the "slim category" of state-law causes of action that nonetheless arise under federal law, there must be a question of federal law that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Plaintiff argues that her Amended Complaint does not "necessarily" raise an issue of federal law.  I agree.  Plaintiff brings claims under Conn. Gen. Stat. §§ 31-51m and 31-51q.  NFA does not contend that Plaintiff's claim under Section 31-51m arises under federal law; thus, only Section 31-51q is at issue.  Section 31-51q provides:

> Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages.

Conn. Gen. Stat. § 31-51q.

On its face, Section 31-51q does not "necessarily" raise a federal issue; employers are liable under Section 31-51q for relation against employees for exercising rights guaranteed by *either* the United States Constitution or the Connecticut State Constitution.  Plaintiff's Amended

3

Complaint, moreover, makes explicit that she seeks relief for retaliation against her for exercising her *state* constitutional rights.  *See* ECF No. 15-1 at ¶¶ 89-94.

NFA argues that, under *Bracey v. Board of Education of Bridgeport*, all Section 31-51q claims arise under federal law.  ECF No. 26 at 4 (citing *Bracey v. Board of Education of Bridgeport*, 368 F.3d 108, 116 (2d Cir. 2004)).  But in *Bracey*, the plaintiff claimed that the defendant violated Section 31-51q "by retaliating against him because he exercised his free speech rights as guaranteed by the United States *and* Connecticut Constitutions," and sought to invoke federal jurisdiction.  *Bracey*, 368 F.3d at 115 (emphasis added).  Thus, the status of a Section 31-51q claim explicitly based solely on the Connecticut Constitution was simply not at issue.

NFA points out that, in *Bracey*, the Court's conclusion was based on its finding that "[c]ourts construing section 31-51q consistently look to federal First Amendment law to determine whether section 31-51q gives rise to a cause of action in the cases before them." *Id.* at 116 (citing Connecticut state court cases and one district court case).  Thus, the Court noted, it did not matter "[w]hether Bracey recovered because the Board violated his right to free expression under the United States Constitution or the Connecticut Constitution, or both."  But as courts in this District have repeatedly recognized, it is no longer true that "courts construing section 31-51q consistently look to federal First Amendment law to determine whether section 31-51q gives rise to a cause of action," because the landscape of Connecticut state law under Section 31-51q has shifted since *Bracey* was decided in 2004.  In 2015, the Connecticut Supreme Court held that the Connecticut Constitution afforded greater free speech rights to public employees—and thus, under Section 31-51q, to private employees—than the First Amendment. *See Trusz v. UBS Realty Investors, LLC*, 123 A.3d 1212, 1221 (Conn. 2015).  Specifically, the

Court held that—contrary to the Supreme Court's decision interpreting the First Amendment in *Garcetti v. Ceballos*, 547 U.S. 410 (2006)—the Connecticut Constitution protects a public employee's "comment on official dishonesty, deliberately unconstitutional action, other serious wrongdoing, or threats to health and safety," even when it is in the course of the employee's official duties. *Id.* at 216-17. And it is precisely on this broader protection that the plaintiff in this case relies—a point that was implicit in the original complaint but has been made explicit in the amended complaint. *See* ECF No. 1 at 4, 7-8 (describing conversations with a co-worker and with police concerning her conversation with the same co-worker in which she raised concerns about various issues at the school at which she worked); ECF No. 15-1 at 19 ("As part of Plaintiff's ordinary job duties, she spoke on matters of public concern as defined by the Connecticut Supreme Court . . . ."). [1]

Since *Trusz* was decided, it appears that every court in this district to have considered the issue has found that the Section 31-51q claim at issue did not "necessarily" raise a federal issue and, thus, did not arise under federal law. *See Kolpinski v. Rushford Center, Inc.*, 2016 WL 3919798, at *6 (D. Conn. July 18, 2016) ("Kolpinsky need not allege nor prove any violation of the First Amendment. In other words, Kolpinski's right to relief does not necessarily turn on the construction of a federal law."); *Amasino v. Town of Branford*, 2017 WL 4772929, at *2 (D.

---

[1] The plaintiff's suggestion that the change to the complaint was a clarification, rather than a substantive amendment, ECF No. 18 at 1-2, is thus reasonably supported by the allegations of the original complaint. Even if the change was a substantive one that actually deleted a First-Amendment-reliant claim under Conn. Gen. Stat. § 31-51q, I would still have discretion to remand the case, rather than dismiss it without prejudice, due to the early termination of the only claim that provided a basis for federal subject matter jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). And I would exercise the discretion to remand here, because I do not find that the plaintiff has engaged in "manipulative tactics," *id.* at 357, and I find that principles of economy, convenience, fairness, and comity all support a remand. This case is in its very early stages, and the Connecticut state courts are in a much better position than this Court to interpret state law, including state-constitution-reliant claims under Section 31-51q, which, as noted, have diverged substantially from federal First Amendment law in ways that are directly relevant to this case.

5

Conn. Oct. 23, 2017) ("In light of *Trusz*, because Plaintiff's Amended Complaint elects to claim violation of the Connecticut Constitution only, it does not 'necessarily' raise an issue of federal First Amendment law and Plaintiff's right to relief will not be determined in relation to the scope of First Amendment law."); *cf. Perez-Dickson v. Bridgeport Bd. of Ed.*, 2016 WL 236206, at *6 (D. Conn. Jan. 19, 2016), *aff'd*, 2017 WL 362771 (2d Cir. Jan. 24, 2017) (Declining to exercise supplemental jurisdiction over a state law claim under Section 31-51q because "the Connecticut Supreme Court [in *Trusz*] clarified that the governing standard applicable to retaliation claims pursuant to Section 31-51q differs from federal First Amendment analysis."). Indeed, in affirming the District Court in *Perez-Dickson*, the Second Circuit relied on the conclusion that, in light of *Trusz*, "the Connecticut Constitution affords free speech protections distinct from the First Amendment." *Perez-Dickson v. Bridgeport Bd. of Ed.*, 2017 WL 362771, at *3 (2d Cir. Jan. 24, 2017).

NFA argues that there is a split among the courts in this district regarding whether claims under 31-51q necessarily raise federal questions, citing *Ting v. Univ. of Bridgeport*, 2011 WL 2222309 at *4 (D. Conn. June 7, 2011) and *Vale v. City of New Haven Police Dep't*, 2011 WL 13104125, at *1 (D. Conn. Oct. 25, 2011). Both of these cases, however, were decided prior to the Connecticut Supreme Court's decision in *Trusz*. As noted above, since *Trusz*, courts in this district appear to be unanimous in concluding that claims under Section 31-51q do not always raise federal questions.

In short, it is well-established that "the plaintiff is master of the complaint," and is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). Because her claim, as

6

pleaded, does not "necessarily" raise questions of federal law, Plaintiff has done so here. Accordingly, Plaintiff's motion to remand to state court is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend her complaint, ECF No. 15, and here motion to remand, ECF No. 17, are GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         May 21, 2020

7